DAVID B. BARLOW, United States Attorney (#013117)
JEANNETTE F. SWENT, Assistant United States Attorney (#6043)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email:  david.barlow@usdoj.gov
        jeannette.swent@usdoj.gov

Associate Local Counsel for Plaintiff

MARY JO O'NEILL, AZ Bar # 005924
ANDREA G. BARAN, MO Bar # 46520
JAMES DRISCOLL-MACEACHRON, AZ Bar # 027828
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION, Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5043
Fax: (602) 640-5009
Email:  mary.oneill@eeoc.gov
        andrea.baran@eeoc.gov
        james.driscoll-maceachron@eeoc.gov

Attorneys for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | Case No. 2:12-cv-00917-DBP |
| Plaintiff, | : : : | |
| vs. | : : | COMPLAINT |
| UNIT DRILLING COMPANY AND UNIT CORPORATION, | : : : : | (Jury Trial Requested) |
| Defendants. | : : | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Patsy Anne Craig and a class of female applicants, including but not limited to Hali Hollowell, Kim Wilson, Sydnea (Thomson) Hanses, and Samantha (Davidovich) Jacobson, who were adversely affected by such practices. As alleged with greater particularity in paragraph 8 below, the Equal Employment Opportunity Commission alleges that Unit Drilling Company and Unit Corporation failed to hire Craig and other qualified female applicants because of their sex, female. Defendants' hiring practices have been undertaken with the purpose and have had the effect of denying women employment because of their sex in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed in multiple locations, including within the jurisdiction of the United States District Court for the District of Utah, Central Division.

## PARTIES

3.     Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant Unit Drilling Company has been an Oklahoma corporation and Unit Corporation has been a Delaware corporation, both have continuously done business in the State of Utah, and both continuously have had at least 15 employees. Unit Drilling Company is a wholly-owned subsidiary of Unit Corporation.

5.     At all relevant times, Defendants have been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Patsy Anne Craig filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Unit Drilling Company. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Defendants operate approximately 127 oil and natural gas drilling rigs in approximately thirteen states in the central and western United States, with over 2,000 employees.

8.    Since at least 2008, Defendants have engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These unlawful practices include but are not limited to:

    a.  When Craig first applied for a rig job with Defendants in 2008, a hiring official told Craig that he would "never hire a girl" because male employees would pay attention to a woman on the job to the detriment of their work;

    b.  When Craig and her husband later applied together for rig jobs with Defendants, Defendants hired Craig's husband, who had no prior rig experience, but refused to hire Craig, who had two years of prior rig experience, stating that she could not be hired because there was not housing for Craig at the "mancamp" (company-supplied housing) and that Defendants were not willing to build new housing for a woman, even though she could have provided her own housing elsewhere, as male employees were not required to live at the "mancamp";

    c.  Defendants continued to hire male applicants for rig jobs at the location where Craig applied after it refused to hire her;

    d.  Another hiring official in Oklahoma told a qualified female applicant that Defendants could not hire her because they "couldn't have the guys looking at" her instead of working;

e.  Other hiring officials told qualified female applicants that no jobs were available, even when male employees reported that Defendants were, in fact, hiring, or when Defendants had job postings online;

f.  In at least one instance, a hiring official told a qualified female applicant that he did not have the time to train her, even though Defendants hired inexperienced male applicants for rig jobs;

g.  Upon information and belief, after Defendants refused to hire or even consider these female applicants for employment, Defendants continued to hire male applicants for rig jobs at each of the locations where these female applicants sought employment; and

h.  Upon information and belief, Defendants do not employ any female employees at their drilling rigs.

9.  The effect of the practices complained of in paragraph 8 above has been to deprive Craig and other qualified female applicants, including but not limited to Hali Hollowell, Kim Wilson, Sydnea (Thomson) Hanses, and Samantha (Davidovich) Jacobson, of equal employment opportunities and otherwise adversely affect their status as applicants and employees because of sex, female.

10.  The unlawful employment practices complained of in paragraph 8 above were intentional.

11.  The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of

Craig and other qualified female applicants, including but not limited to Hali Hollowell,

Kim Wilson, Sydnea (Thomson) Hanses, and Samantha (Davidovich) Jacobson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, their officers,

successors, assigns, agents, servants, employees, and all persons in active concert or

participation with them, from engaging in employment practices that discriminate on the

basis of sex.

B.      Order Defendants to institute and carry out policies, practices, and

programs which provide equal employment opportunities for female applicants and that

eradicate the effects of their past and present unlawful employment practices.

C.      Order Defendants to make whole Craig and other aggrieved female

applicants by providing appropriate backpay with prejudgment interest, in amounts to be

determined at trial, and other affirmative relief necessary to eradicate the effects of their

unlawful employment practices including but not limited to rightful-place hiring of

qualified female applicants and, where appropriate, front pay and instatement.

D.      Order Defendants to make whole Craig and other aggrieved female

applicants by providing compensation for past and future pecuniary losses resulting from

the unlawful employment practices described above in amounts to be determined at trial.

E.      Order Defendants to make whole Craig and other aggrieved female

applicants by providing compensation for past and future non-pecuniary losses resulting

from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

     F.     Order Defendants to pay Craig and other aggrieved female applicants punitive damages for Defendants' malicious and reckless conduct described above in amounts to be determined at trial.

     G.     Grant such further relief as the Court deems necessary and proper in the public interest.

     H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 28th day of September, 2012.

> /s/ Jeannette F. Swent
> JEANNETTE F. SWENT
> Assistant United States Attorney

OF COUNSEL:
Mary Jo O'Neill, AZ Bar # 005924
Andrea G. Baran, MO Bar # 46520
James Driscoll-MacEachron, AZ Bar # 027828
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION, Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5043
Fax: (602) 640-5009